**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHEAL ANTHONY NASH.
JIMMY SHAW, VINNIE CASON,
GRANT LEWIS, CHARLESTON
TAURVONTA HARRIS**                                                                 **PLAINTIFFS**

**v.**                                      **CIVIL ACTION NO. 4:25-cv-59-DMB-JMV**

**GREGORY CARR**                                                             **DEFENDANT**

## ORDER GRANTING ADMISSION OF COUNSEL PRO HAC VICE AND WAIVING ASSOCIATED FEES

The court has considered the motion for admission of attorney **Teresa Pulaski** as counsel *pro hac vice* on behalf of the Plaintiffs. [Doc. No. 3]. Upon due consideration of this motion and review of the record in this cause, the court finds that the requirements of L. U. Civ. R. 83.1(d) have been met, and the motion should be **GRANTED**.

Under Local Rule 83.1(d)(5), an applicant to appear pro hac vice will not be required to pay the fee established by Local Uniform Civil Rule 83.1(d)(5) if "the applicant will not charge an attorney fee to the client(s) and is . . . employed or associated with a pro bono project or nonprofit legal services organization in a civil case involving the client(s) of such programs[.]" According to the present motion, Ms. Pulaksi is an attorney for Texas RioGrande Legal Aid, Inc., a non-profit providing free legal aid to indigent farm workers such as Plaintiffs. [Doc. No. 3]. Accordingly, the associated application attorney's fees are **WAIVED**.

However, admission *pro hac vice* **shall be conditioned** upon the completion of the process of registration to be served electronically with orders and notices from the court and electronically filing a Notice of Attorney Appearance.

**Failure to comply with these additional requirements will result in revocation of admission *pro hac vice*.** If counsel has not already completed the registration process, counsel shall do so **within five (5) business days** of the date of this order. Finally, prior to the completion of electronic registration, it remains the responsibility of <u>**local counsel**</u> to notify counsel admitted by this order of all filings with the court in this action including this order.

**SO ORDERED** this the 21st day of May, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**