IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL ANTHONY NASH,** )
**JIMMY SHAW, VINNIE CASON,** )
**GRANT LEWIS,** and **CHARLESTON** )
**TAURVONTA HARRIS,** )
 )
    PLAINTIFFS, )
 ) CIVIL CAUSE NO.
    *vs.* ) 4:25-CV-059-DMB-JMV
 )
**GREGORY CARR,** )
 )
    DEFENDANT. )
 )

### DEFENDANT'S MOTION TO SET ASIDE
### ENTRY OF DEFAULT

    Defendant **GREGORY CARR** (Defendant or Carr) respectfully moves for the entry of an order which sets aside the default entered herein by the Clerk of Court on July 23, 2025 (ECF 14). In support of his motion, Defendant incorporates by reference hereto his memorandum of law and the declaration of counsel annexed hereto as Exhibit A. Additionally, Defendant states:

    1.    The five Plaintiffs filed their 22-page, 88-paragraph complaint against Defendant, the sole-operator of a family farming business, on May 15, 2025. The complaint is replete with detailed allegations of violations of federal laws, *viz.*, the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) and the Civil Rights Act of 1866 (42 U.S.C. § 1981), and of Mississippi law (breach of contract).

    2.    Plaintiffs applied for the entry of default against Defendant on July 21, 2025, within two hours after Defendant's counsel contacted Plaintiffs' counsel to request

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

a 21-day extension within which to file Defendant's answer or other responsive pleading. Exhibit A, ¶ 10.

3. Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (internal quotation marks omitted). "To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing*, L.L.C., 910 F.3d 221, 225 (5th Cir. 2018) (internal quotation marks omitted). A court may also consider whether "the defendant acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

4. For the reasons set forth herein and in his accompanying memorandum of law, Defendant respectfully urges the Court to exercise its discretion and to enter an order setting aside the default.

5. Carr did not intentionally fail to respond to litigation, and the record establishes that the default was not wilful. ECF 9, 10; *see also, generally*, Exhibit A.

6. Plaintiffs will not be prejudiced if the Court sets aside the default, inasmuch as this case is in the pleadings phase; a case management conference has not been set; and pre-discovery disclosures are not yet due. Hence, vacating the entry of default will not be detrimental to Plaintiffs.

7. Carr has meritorious defenses to the claims asserted by the plaintiffs. Plaintiffs' complaint fails to state a claim for relief under 42 U.S.C. § 1981

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

because Plaintiffs' pleading is not compliant with *Comcast Corp. v. National Association of African American-Owned Media*, 140 S. Ct. 1009 (U.S. 2020).

8. Regarding the alleged violations of the AWPA, Carr's farming operations fall within the scope of the AWPA's family business exemption to the AWPA. 29 U.S.C. § 1803(a)(1).

9. Plaintiffs have failed to state a claim on which relief can be granted in relation to their state law breach of contract claim because they have not properly pleaded their alleged injuries and damages under Fed.R.Civ.P. 9(g).

10. Carr submits that his meritorious defenses weigh in favor of setting aside the default because the defenses, if accepted by a fact-finder, would produce a result different than the default sought by the plaintiffs. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008).

11. The clerk's entry of default was entered on July 23, 2025. Defendant filed his motion to set aside clerk's entry of default one day later, on July 24, 2025. Carr submits that the expeditiousness factor weighs in favor of setting aside the entry of default.

12. Carr submits that all of the *Koerner* and *Dierschke* factors weigh in favor of setting aside the entry of default.

RESPECTFULLY SUBMITTED ON THIS DATE: July 24, 2025.

/s/ Steve Brandon
Stephen A. Brandon (MB #8655)
**COUNSEL FOR GREGORY CARR**

**OF COUNSEL:**

Stephen A. Brandon
Attorney at Law
1300 U.S. Highway 51 North
Madison, Mississippi 39110
(601) 954-8599
Facsimile: (601) 853-2878

## CERTIFICATE OF SERVICE

I, STEPHEN A. BRANDON, hereby certify that I have this day served upon all counsel of record a copy of the foregoing document, consistent with the Federal Rules of Civil Procedure and ECF filing and service practices and procedures, to wit:

Robert B. McDuff, Esq.
767 North Congress Street
Jackson, Mississippi 39202
*rbm@mcdufflaw.com*

Marion Lourdes Delaney, Esq.
Texas RioGrande Legal Aid, Inc.
311 Plus Park Blv Ste #135
Nashville, Tennessee 37203
*mdelaney@trla.org*

Teresa Pulaski, Esq.
Southern Migrant Legal Services
604 Russell St. Ste Apt 104
Nashville, Tennessee 37206
*teresa.c.pulaski@gmail.com*

DONE ON THIS DATE: July 24, 2025.

/s/ Steve Brandon
Stephen A. Brandon