IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL ANTHONY NASH,** )
**JIMMY SHAW, VINNIE CASON,** )
**GRANT LEWIS,** and **CHARLESTON** )
**TAURVONTA HARRIS,** )
　　　　)
　　PLAINTIFFS, )
　　　　) CIVIL CAUSE NO.
　vs. ) 4:25-CV-059-DMB-JMV
　　　　)
**GREGORY CARR,** )
　　　　)
　　DEFENDANT. )
　　　　)

### DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT, WITH AFFIRMATIVE AND OTHER DEFENSES

Defendant **GREG CARR** ("Defendant" or "Carr") serves and files this, his answer to Plaintiffs' complaint:

### AS TO ALL ALLEGATIONS

Each and every allegation not specifically admitted herein is denied.

### AS TO ALL ALLEGATIONS SET FORTH IN PLAINTIFFS' PRELIMINARY STATEMENT

Each and every allegation not specifically admitted by Defendant in response to Plaintiffs' "preliminary statement," as set forth in paragraphs 1-4 of their complaint, is denied.

### PRELIMINARY STATEMENT

1.　Defendant admits that Plaintiffs have filed a lawsuit. Defendant admits that Plaintiffs are Black Americans. Defendant denies the remaining allegations.

2. Defendant admits that Plaintiffs have performed agricultural and farm work upon farmlands operated and managed by Defendant. Defendant admits that White South African workers have performed agricultural and farm work upon farmlands operated and managed by Defendant. Defendant denies that Plaintiffs were engaged in corresponding employment with the H-2A workers and that therefore Defendant's farming entities did not violate any terms of the H-2A program by paying different wage rates to Plaintiffs. Defendant denies that the races of the farm workers was considered when establishing rates of pay or any other terms and conditions of their employment. Defendant denies that he violated any state or federal laws. Defendant denies the remaining allegations.

3. Denied.

4. Denied.

**JURISDICTION AND VENUE**

5. Admitted.

6. Defendant admits that this Court may have supplemental jurisdiction over the parties to the extent Plaintiffs have a viable claim against Defendant under the AWPA or other federal law. Defendant denies the allegation, express or implied, that Plaintiffs have pleaded valid breach of contract claims against him. As such, the allegations contained in the sixth paragraph of Plaintiffs' complaint constitute legal conclusions to which no response is required.

7. The seventh paragraph of Plaintiffs' complaint asserts a legal conclusion to which no response is required. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

8. Defendant admits that he resides in Leflore County, which is located in the U.S. federal court district for the Northern District of Mississippi. Otherwise, the eighth paragraph contained in Plaintiffs' complaint asserts a legal conclusion to which no response is required. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

**PARTIES**

9. Defendant admits that Plaintiffs are Black U.S. citizens. Defendant is without sufficient information to admit or deny the locations of Plaintiffs' residences. Defendant admits that he engages in the production of crops which are sold in interstate commerce. Defendant denies the remaining allegations.

10. Admitted.

11. Defendant admits that he owns the business entities identified in the eleventh paragraph of Plaintiffs' complaint. Defendant denies the remaining allegations.

12. Defendant admits that his farming entities employed H-2A workers between 2018 and the present. Defendant denies that his farming entities employed one or more of Plaintiffs between 2018 and the present. Defendant denies that all Plaintiffs have worked for any of his farming entities

13. Admitted.

14. Defendant admits that his farming entities have employed migrant and seasonal agricultural workers. Defendant admits that Plaintiffs have worked, at various times, for one or more of his farming entities, and that the farming entities paid their wages. Defendant denies that he employed Plaintiffs "at all times relevant to [their] action." Defendant denies that Plaintiffs Michael Anthony Nash, Grant Lewis, and

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

Charleston Taurvonta Harris were employed by any of his farming entities during the one-year period which preceded the filing of their lawsuit against Defendant. Defendant denies that Plaintiff Michael Anthony Nash was employed by any of his farming entities at any time on or after May 15, 2021. Defendant denies the remaining allegations.

## STATUTORY AND REGULATORY FRAMEWORK

15. The fifteenth paragraph of Plaintiffs' complaint purports to contain statements of law to which no response is required.

16. The sixteenth of Plaintiffs' complaint purports to contain statements of law to which no response is required.

17. The seventeenth paragraph of Plaintiffs' complaint purports to contain statements of law to which no response is required.

18. The eighteenth paragraph of Plaintiffs' complaint and all subparts thereof purport to contain statements of law to which no response is required.

19. The nineteenth paragraph of Plaintiffs' complaint purports to contain statements of law to which no response is required.

20. The twentieth paragraph of Plaintiffs' complaint purports to contain statements of law to which no response is required.

21. The twenty-first paragraph of Plaintiffs' complaint purports to contain statements of law to which no response is required.

22. The twenty-second paragraph of Plaintiffs' complaint purports to contain statements of law and policy to which no response is required.

23. The twenty-third paragraph of Plaintiffs' complaint purports to contain statements of law to which no response is required.

**STATEMENT OF FACTS**

24. Defendant admits that he owns agricultural business entities which operate farms which grow a variety of crops. Defendant denies the remaining allegations.

25. Defendant admits that Plaintiffs have worked, at various times, for one or more of his farming entities. Defendant denies the remaining allegations.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendant admits that he owns agricultural business entities which operate farms. Defendant admits that he manages the business affairs of his farming entities. Defendant denies the remaining allegations.

31. Denied.

32. Denied.

33. Defendant admits that his farming entities have engaged a third-party H-2A placement service, C.O.C. Placement Service, to obtain agricultural labor which did not correspond with the locally available labor. Defendant denies that he violated any laws.

34. Defendant admits that he owned Intrepid, Inc. and that it has been administratively dissolved. Defendant denies the remaining allegations.

35. Defendant admits that his farming entities have engaged a third-party H-2A placement service, C.O.C. Placement Service, to obtain agricultural labor which did

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

not correspond with the locally available labor. Defendant denies that he violated any laws.

36. Upon information and belief, admitted.

37. The thirty-seventh paragraph of Plaintiffs' complaint and its subparts purport to contain statements of law to which no response is required. Defendant denies that he violated any laws.

38. Defendant admits that his farming entities have engaged a third-party H-2A placement service, C.O.C. Placement Service, to obtain agricultural labor which did not correspond with the locally available labor. Defendant denies that he violated any laws. Defendant denies the remaining allegations.

39. Defendant admits that his farming entities have engaged a third-party H-2A placement service, C.O.C. Placement Service, to obtain agricultural labor which did not correspond with the locally available labor. Defendant denies that he violated any laws. Defendant denies the remaining allegations.

40. Denied.

41. Defendant admits that White South Africans have worked for his farming entities and that they have performed labor which did not correspond with locally available labor. Defendant admits that the South Africans working for his farming entities were supplied by a third-party H-2A placement service, C.O.C. Placement Service. Defendant denies that he violated any laws. Defendant denies the remaining allegations.

42. Denied.

43. Upon information and belief, admitted.

44. Admitted.

45. Denied.

46. Defendant admits that his farming entities paid White South Africans for labor, at varying hourly rates, which did not correspond with locally available labor. Defendant denies that he violated any laws. Defendant denies the remaining allegations.

47. Denied.

48. Admitted.

49. Defendant admits that his farming entities have issued 1099 forms to Plaintiffs Jimmy Shaw, Grant Lewis, and Charleston Taurvonta Harris. Defendant denies that his farming entities issued 1099 forms to all Plaintiffs "each year." Defendant denies that he violated any laws. Defendant denies the remaining allegations.

50. Defendant denies that he violated any laws. Defendant otherwise denies the allegations contained in the fiftieth paragraph of Plaintiffs' complaint.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

56. Denied. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

57. Denied. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

58. Denied. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

59. Denied.

60. Denied.

61. Denied. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

62. Denied. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

63. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT (AWPA) AND CODE OF FEDERAL REGULATIONS

64. The sixty-fourth paragraph of Plaintiffs' complaint contains no allegations against Defendant which require a response. Notwithstanding, Defendant denies that he violated any laws. Defendant denies that he is liable to Plaintiff for any relief whatsoever in relation to this claim for relief.

65. Defendant admits that Plaintiffs performed work for his farming entities which did not require Plaintiffs to be absent overnight from their respective permanent places of residence. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

66. Denied.

67. Denied.

68. Denied.

69. The sixty-ninth paragraph of Plaintiffs' complaint contains no allegations against Defendant which require a response. Notwithstanding, Defendant denies that he violated any laws.

70. Defendant admits that Plaintiffs performed work for his farming entities at various times. Defendant denies that he violated any laws. Defendant otherwise denies the allegations.

71. Denied. (a.) – (g.) Denied.

72. The seventy-second paragraph of Plaintiffs' complaint contains no allegations against Defendant which require a response. Notwithstanding, Defendant denies that he violated any laws.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

### SECOND CLAIM FOR RELIEF
BREACH OF CONTRACT UNDER MISSISSIPPI LAW

77. The seventy-seventh paragraph of Plaintiffs' complaint contains no allegations against Defendant which require a response. Notwithstanding, Defendant denies that he violated any laws. Defendant denies that he is liable to Plaintiff for any relief whatsoever in relation to this claim for relief.

78. Denied.

79. Denied. (a.)-(g.) Denied.

80. Denied.

81. Denied.

82. Denied.

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1866
### 42 U.S.C. § 1981

83. The eighty-third paragraph of Plaintiffs' complaint contains no allegations against Defendant which require a response. Notwithstanding, Defendant denies that he violated any laws. Defendant denies that he is liable to Plaintiff for any relief whatsoever in relation to this claim for relief.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

### **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to any relief whatsoever as set forth in their prayer for relief.

Additionally, Defendant prays for judgment from this Court as follows:

1. Plaintiffs take nothing by way of their complaint;

2. Deny any and all relief, declaratory or otherwise, requested by the Plaintiffs in their complaint,

3. Dismiss the complaint of the Plaintiffs, with prejudice;

4. Enter judgment in favor of Defendant as to each of Plaintiffs' causes of action, and that Plaintiffs have and receive nothing of, from, or against him;

5. Award Defendant's attorneys' fees and costs of suit herein to the extent permitted by applicable law; and

6. Such other and further relief as the Court deems appropriate and proper.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiffs' complaint, Defendant assert the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted for any of the causes alleged against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs were not employed on a seasonal or other temporary basis and therefore were not within the coverage of the AWPA.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that it did not willfully or intentionally fail to pay Plaintiffs any compensation, and that Defendant has a good faith dispute that any such compensation is owed. Accordingly, none of Plaintiffs are entitled to recover any penalties, damages, or other relief of, from, or against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is excused from coverage under the AWPA's small business exemption and/or the AWPA's family business exemption.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant alleges that he acted in good faith at all times, and that he had reasonable grounds for believing its actions were not in violation of any state or federal laws.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to state sufficient facts to constitute any viable cause of action against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not third-party beneficiaries of any contract Defendant has with others.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiffs' Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

The AWPA and Section 1981 claims of Charlesdton Tauraonta Harris are due to be dismissed under the election of remedies doctrine.

**TENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs (or some of them) brought against Defendant under the AWPA are barred by the statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs (or some of them) brought against Defendant under 28 U.S.C. § 1981 are barred by the statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

Without waiving the eleventh affirmative defense, Defendant specifically avers that the 28 U.S.C. § 1981 claims alleged by Michael Anthony Nash, Jimmy Shaw, Vinnie Cason, and Charleston Taurvonta Harris are barred by the four-year statute of limitations because the complaint alleges that these Plaintiffs worked for Defendant starting in 2020 or earlier because the complaint (1) alleges that these Plaintiffs were subjected to discrimination during their employment with Defendant; (2) seeks a remedy for alleged inadequate wages going back to 2018; and (3) the controlling case law holds that the statute of limitations begins to run with the first incident of discrimination. *See Nicholson v. W.L. York, Inc.*, No. 23-20440 (5th Cir. Mar. 4, 2024) (statute of limitations begins to run on section 1981 claim with first discriminatory incident; the statute of limitations is not extended or restarted with subsequent discriminatory incidents), *cert. denied Nicholson v. W.L. York, Inc.*, No. 23-7490 (U.S. Sup. Ct. June 2, 2025).

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs (or some of them) brought against Defendant under 28 U.S.C. § 1981 are not viable and/or cognizable under applicable Fifth Circuit law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any damages Plaintiff, or any of them, purport to have suffered were caused solely or in part by persons, firms, corporations or entities other than Defendant, and not by an act or omission for which Defendant may be held legally or equitably responsible.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' complaint and each cause of action contained therein are barred, and any recovery should be reduced, because Plaintiffs failed to mitigate their respective alleged damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Each of Plaintiff's cause of action fails to the extent that Plaintiffs have been compensated for all hours worked at the appropriate hourly rate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint alleges claims and asserts other contentions which are not warranted by existing law, and Plaintiffs' complaint asserts claims which lack evidentiary support.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any acts or omissions complained of by Plaintiffs against Defendant were based on legitimate nondiscriminatory factors.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any relief under the causes of action pleaded in their complaint because they ratified Defendant's pay and hiring practices by seeking and accepting subsequent employment with Defendant's farming entities.

**TWENTIETH AFFIRMATIVE DEFENSE**

If Plaintiffs suffered injuries or damages as alleged (which Defendant denies), such injuries or damages were caused by someone for whose conduct Defendant is not and was not responsible.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Any action for breach of contract is barred due to failure of consideration.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' alleged damages are too speculative to allow recovery.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by the doctrine of unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by payment, accord, and/or satisfaction.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant was not a farm labor contractor under the AWPA.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' race was not a determinative factor in any employment decisions made by Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have not alleged and cannot show that but for their race they would not have suffered the loss of a legally protected right and/or that their race was the but for cause of any claimed discrimination in the making or enforcement of any contracts.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' complaint is vexatious and was filed for the improper purpose of pressing claims which are clearly barred by the statute of limitations.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint was filed without substantial justification in that the claims asserted are frivolous, groundless in fact or in law, and vexatious.

### THIRTIETH AFFIRMATIVE DEFENSE

Based on the allegations in the complaint that "Plaintiff Nash began working for Gregory Carr in 2018," "Plaintiffs Shaw, Cason and Harris began working for Gregory Carr in 2020," and "Plaintiff Lewis began working for Gregory Carr in 2023," Plaintiffs' alleged AWPA and state law breach of contract claims which accrued before May 15, 2024, and the alleged 42 U.S.C. § 1981 claims which accrued before May 15, 2021, are time-barred.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs Michael Anthony Nash and Charleston Taurvonta Harris's claim for breach of contract is barred by the one-year limitations period for unwritten contracts of employment because they were not employed by any of Defendant's farming entities within the one-year period prior to the filing of the complaint (*i.e.*, May 15, 2025). Miss. Code Ann. § 15-1-29 (Supp. 2025).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff Michael Anthony Nash and Charleston Taurvonta Harris's claim brought under the AWPA is barred by the one-year limitations period for unwritten contracts of employment because the most analogous state law statute of limitations is Mississippi Code Annotated section 15-1-29 (Supp. 2025), *Salazar-Calderon v. Presidio Valley Farmers Assn.*, 765 F.2d 1334, 1351 (5th Cir. 1985), and because they were not

employed by any of Defendant's farming entities within the one-year period prior to the filing of the complaint (*i.e.*, May 15, 2025).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses as warranted.

RESPECTFULLY SUBMITTED ON THIS DATE: August 15, 2025.

/s/ Steve Brandon
Stephen A. Brandon (MB #8655)
**COUNSEL FOR GREGORY CARR**

**OF COUNSEL:**

Stephen A. Brandon
Attorney at Law
1300 U.S. Highway 51 North
Madison, Mississippi 39110
(601) 954-8599
Facsimile: (601) 853-2878

**CERTIFICATE OF SERVICE**

      I, STEPHEN A. BRANDON, hereby certify that I have this day served upon all counsel of record a copy of the foregoing document, consistent with the Federal Rules of Civil Procedure and ECF filing and service practices and procedures, to wit:

Robert B. McDuff, Esq.
767 North Congress Street
Jackson, Mississippi 39202
*rbm@mcdufflaw.com*

Marion Lourdes Delaney, Esq.
Texas RioGrande Legal Aid, Inc.
311 Plus Park Blv Ste #135
Nashville, Tennessee 37203
*mdelaney@trla.org*

Teresa Pulaski, Esq.
Southern Migrant Legal Services
604 Russell St. Ste Apt 104
Nashville, Tennessee 37206
*teresa.c.pulaski@gmail.com*

DONE ON THIS DATE: August 15, 2025.

                            /s/ Steve Brandon
                            Stephen A. Brandon

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT, WITH AFFIRMATIVE AND OTHER DEFENSES

PAGE 18 OF 18