UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

GREENVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL ANTHONY NASH, JIMMY SHAW, VINNIE CASON, GRANT LEWIS AND CHARLESTON TAURVONTA HARRIS,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | Civil Action No: 4:25-CV-059-DMB-JMV |
| v. | ) ) ) | |
| **Gregory Carr,** | ) ) ) | Judge Virden |
| **Defendant.** | ) ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 15(a) and 18, Plaintiffs respectfully request that the Court grant them leave to amend and file Plaintiffs' Second Amended Complaint, attached hereto as Exhibit A. The proposed second amended complaint includes a (1) RICO Statement as procedurally required by *L.U. Civ. R. 83.8*, (2) adds a conspiracy claim under 18 U.S.C. § 1962(d), (3) refines and clarifies the definition of the alleged enterprise under 18 U.S.C. § 1961(4) to ensure accuracy and consistency with Plaintiffs' intended allegations, and (4) substitutes the real names of individuals identified through discovery for previously used nicknames.

### ARGUMENT

Federal Rule of Civil Procedure 15(a) requires a trial court "to grant leave to amend

'freely.'" The language of the rule "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). Leave to amend should generally be granted unless the opposing party can show prejudice, bad faith, or undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Fifth Circuit has identified five considerations in determining whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies through previous amendments, 4) undue prejudice to the opposing party, and 5) futility of amendment. *Smith v. EMC Corporation*, 393 F.3d 590, 595 (5th Cir. 2004). Absent any of these factors, the leave sought should be freely given. *Id.*

Plaintiffs' proposed amendments are narrow in scope:

1. **RICO Case Statement** – The inclusion of a RICO Case Statement merely organizes and clarifies Plaintiffs' existing allegations in the format required by Local Uniform Civil Rule 83.8. It does not assert any new claims, predicate acts, or legal theories. Rather, it restates the same facts already alleged in the operative complaint to facilitate the Court's management and evaluation of the RICO claims. The Case Statement serves a procedural function only and imposes no new burdens on Defendant.

2. **Addition of § 1962(d) Conspiracy Claim** – The proposed conspiracy claim supplements the existing § 1962(c) claim by alleging that the same defendants agreed to participate in the same pattern of racketeering activity already described in the operative complaint. It does not expand the factual record or introduce new predicate acts. Although § 1962(d) provides an independent basis for liability, it introduces no new predicate acts, expands no factual allegations, and does not broaden the scope of discovery or alter the central issues before the Court.

3. **Clarification of the Enterprise Definition** – The proposed amendment refines the description of the alleged RICO "enterprise" to ensure accuracy and consistency with the factual allegations already pled. This clarification does not alter the alleged pattern of racketeering activity, add new predicate acts, or introduce new defendants. It simply provides greater precision regarding the organizational structure and relationships already described in the complaint.

4. **Substitution of Real Names** – Plaintiffs' substitution of real names for previously used nicknames merely clarifies the pleadings to reflect information learned in discovery. It does not change the conduct alleged or prejudice any defense. The change is purely formal and ensures that the record correctly identifies the individuals involved in the underlying transactions and events.

Because there are no considerations justifying denial of their motion, Plaintiffs should be granted leave to file their second amended complaint.

Plaintiffs have not unduly delayed in seeking to file their second amended complaint. This matter is in its early stages, and no discovery has been completed. Defendant will have the same opportunity to seek discovery with regard to the new claim added and the Plaintiffs' RICO Statement as he has with respect to the current version of the complaint.

Plaintiffs are not seeking to delay this case. Because it is being offered at this early date, filing of the second amended complaint will not require the Court to alter any of its previous deadlines. Neither is the second amended complaint offered in bad faith; it seeks to remedy deficiencies in the amended complaint, including the lack of a RICO statement, as noted by Defendant in his answer. *See* Dkt. 29 at 20, Thirty-Fifth Affirmative Defense.

This is not an instance of repeated failed efforts by Plaintiffs to correct deficiencies

through amendments. Plaintiffs' amended complaint was filed as a matter of course pursuant to Rule 15(a)(1). There have been no previous amended complaints offered under Rule 15(a)(2).

Filing of the second amended complaint does not unduly prejudice Defendant Carr. The factual foundation of Plaintiffs' claims remains identical, and no new discovery will be required. Defendant has been on notice of the operative facts, parties, and RICO allegations.

Because it does not shift legal theories, it is not futile. For the same reasons as set forth above, Plaintiffs should be granted leave to file their proposed Second Amended Complaint.

Respectfully submitted,

*/s Robert McDuff*
Robert McDuff, MS Bar No. 2532
MISSISSIPPI CENTER FOR JUSTICE
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
Telephone: (601) 259-8484
Facsimile: (601) 352-4769
rmcduff@mscenterforjustice.org

Marion Lourdes Delaney, TN Bar No. 042643
*Admitted pro hac vice*
Teresa Pulaski, TN Bar No. 041365
*Admitted pro hac vice*
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
Telephone: 830-267-9320
mdelaney@trla.org
tpulaski@trla.org