IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

GREENVILLE DIVISION

| | |
|---|---|
| **MICHAEL ANTHONY NASH, JIMMY SHAW, VINNIE CASON, GRANT LEWIS, and CHARLESTON TAURVONTA HARRIS**<br><br>    PLAINTIFFS,<br><br>v.<br><br>**GREGORY CARR**<br><br>    DEFENDANT. | CIVIL CAUSE NO.<br>4:25-CV-059-DMB-JMV |

**PLAINTIFFS' REBUTTAL TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO FILE A SECOND AMENDED COMPLAINT**

Defendant's Opposition to Plaintiffs' Motion to File a Second Amended Complaint does not dispute two core facts:

(1) Plaintiffs filed their motion for leave within the Court's amendment deadline, and

(2) The primary purpose of the amendment is to comply with Local Rule 83.8 by supplying a RICO Case Statement, an issue Defendant raised in his Answer.

Despite this, Defendant asks the Court to deny leave based almost entirely on merits arguments attacking the sufficiency of the RICO allegations. Dk. 42. These arguments are premature and legally irrelevant at the Rule 15(a) stage. When properly evaluated under Rule 15(a), Plaintiffs' amendment is timely, procedurally appropriate, free of prejudice and well

within the Fifth Circuit's long-standing presumption in favor of freely granting leave to amend. Leave should therefore be granted.

### I. Plaintiffs' motion for leave was narrow in scope.

Plaintiffs' motion identified four narrow changes in the proposed second amended complaint:

(1) Inclusion of the RICO statement as required by Local Rule 83.8,

(2) Addition of a § 1962(d) conspiracy claim based on the same facts already pled,

(3) Refinement of the enterprise definition to ensure accuracy and consistency, and

(4) Substitution of legal names instead of nicknames.

Dkt. 36 at 1-2. None of these changes expand the underlying facts, add new predicate acts, introduce additional parties, alter the scope of discovery, or impose any meaningful burden on Defendant.

Defendant's Opposition quotes a sentence from Plaintiffs' Memorandum stating "it does not assert any new claims, predicate acts, or legal theories" [Dkt. 36 at 2] and argues that this statement is "not accurate" because of Plaintiffs' addition of a § 1962(d) conspiracy claim. Dkt. 42 at 3. Respectfully, in context, the sentence referred only to the RICO Case Statement, which Plaintiffs will here restate is only a procedural step that organizes and clarifies the RICO allegations. Dkt. 36 at 2. In the very next paragraph, Plaintiffs expressly identified the § 1962(d) conspiracy claim as a separate change made in the amendment, emphasizing that the conspiracy claim does not introduce any new predicate acts, expand factual allegations, broaden the scope of discovery or alter the central issues before the court. *Id*.

Defendant also suggests that Plaintiffs' use of the term "defendants" [*Id.*] in describing the conspiracy allegation is "telling." Dkt. 42 at 3. Plaintiffs apologize for the typographical error; the sentence should have referred to the "parties." As Defendant notes, Gregory Carr is the sole defendant in this action. Plaintiffs have consistently maintained that fact, both throughout the litigation and in all other parts of the document in question. The proposed amendment does not add any new defendants or expand the case to any third parties.

## II. Defendant's merits arguments are premature and are not a basis for denying leave to amend.

The majority of Defendant's Opposition challenges the merits of Plaintiffs' RICO allegations, rather than addressing whether leave to amend should be granted. Under Rule 15(a), the relevant inquiry is whether an amendment should be permitted, not whether the amended complaint will ultimately withstand a Rule 12(b)(6) motion, provided the amendment will not prove futile.

The Supreme Court and the Fifth Circuit have made it clear that leave should be freely given absent a substantial reason to deny it. *Foman v. Davis*, 371 U.S. 178, 182 (1962), *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (stating the language of the rule "evinces a bias in favor of granting leave to amend"). As discussed below, Plaintiffs' proposed amendment is not futile, so Defendant's arguments regarding predicate acts, causation, enterprise structure, and statutory interpretation raise disputes of fact and law that are not appropriate for resolution on a Rule 15(a) motion.

The Fifth Circuit has repeatedly held that "federal rules permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a

technical exercise in the fine points of pleading." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013) (citation and internal quotes omitted). It is particularly appropriate to allow a party to amend in cases where a court may dismiss for failure to state a claim. *Id.; Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (when a trial court has dismissed the complaint for failure to state a claim, courts should offer at least one opportunity to cure deficiencies).

### III. Plaintiffs' RICO allegations satisfy Rule 9(b)'s minimum pleading requirements and are not futile.

Defendant argues Plaintiffs' amendment is futile because their RICO allegations supposedly fail the heightened Rule 9(b) pleading standard. To the extent Defendant invokes futility, the Fifth Circuit has emphasized that futility is a narrow exception, applicable only when it is clear that the proposed amendment fails to state a claim. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Plaintiffs' proposed amendment easily exceeds that threshold.

Plaintiffs' proposed Second Amended Complaint and accompanying RICO Case Statement provide exactly the particularity Rule 9(b) requires. The amendment identifies who submitted the false statements (Gregory Carr, acting through Intrepid Inc. and C.O.C. Placement), what documents contained the false statements (H-2A applications, job orders, and recruitment reports, with exact dates listed in the RICO Statement), when the submissions occurred (listed with exact dates in the RICO Statement), where and how the submissions were made (mailed or electronically transmitted to the U.S. Department of Labor), why the statements were false (Carr was not complying with AEWR wage requirements, corresponding employment rules, or recruitment obligations), and what Carr obtained through the fraudulent filings

(authorization to hire foreign H-2A workers while being able to operate an illegal dual-wage workforce). These allegations fully satisfy the "who, what, when, where, and how" requirement that the Fifth Circuit applies to RICO predicate acts in fraud. See *Benchmark Electronics v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

Plaintiffs have pled multiple predicate acts with particularity, including mail fraud under § 1341, wire fraud under § 1343, and fraud in foreign labor contracting under § 1351. Plaintiffs disagree with Defendant's assertion that § 1351 does not apply in this situation [Dkt. 42 at 10-12], however, even if § 1351 were ignored entirely, the detailed allegations of multiple years of false filings, mailings, and electronic transmissions independently state a pattern of mail and wire fraud sufficient to constitute racketeering activity under § 1961(1). Defendant also alleges that Plaintiffs did not satisfy the proximate cause requirement under *Holmes v. SIPC [*Dkt. 42 at 13-15]. Plaintiffs discreetly alleged in the second amended complaint and the RICO Statement the pattern of racketeering activity directly led to Plaintiffs being offered fewer hours of work and paid a lower hourly wage. Dkt. 36. Defendant's insistence that the injuries are "too remote" simply disputes the truth of the allegations, which a court must not resolve on a Rule 15(a) motion.

Additionally, The Fifth Circuit has made clear that Rule 9(b) must be applied "with some flexibility," (*Benchmark* at 724*)* and courts "often afford plaintiffs at least one opportunity to cure pleading deficiencies under Rule 9(b)" before dismissing a claim. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

IV. Conclusion

Pursuant to Rules 15(a) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that the Court grant leave to amend and file Plaintiffs' Second Amended Complaint. The proposed amendment is timely, narrow in scope, submitted in good faith, and necessary to comply with Local Rule 83.8. Defendant identifies no undue delay, bad faith, prejudice, or futility that would justify denying leave, and his objections rest solely on premature merits arguments that are inappropriate at this stage. Because justice requires allowing amendment so that the claims may be adjudicated on their merits, the Court should grant Plaintiffs' motion.

Respectfully submitted,

*/s Marion Delaney*
Marion Lourdes Delaney, TN Bar No. 042643
*Admitted pro hac vice*
Teresa Pulaski, TN Bar No. 041365
*Admitted pro hac vice*
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
Telephone: 830-267-9320
mdelaney@trla.org
tpulaski@trla.org

*/s Robert McDuff*
Robert McDuff, MS Bar No. 2532
MISSISSIPPI CENTER FOR JUSTICE
210 E. Capitol Street
Suite 1800
Jackson, MS 39201
Telephone: (601) 259-8484
Facsimile: (601) 352-4769
rmcduff@mscenterforjustice.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all registered counsel of record.

*/s Marion Delaney*
Attorney For Plaintiffs