STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL ANTHONY NASH, JIMMY SHAW, VINNIE CASON, GRANT LEWIS,** and **CHARLESTON TAURVONTA HARRIS,**

PLAINTIFFS,

*vs.*

**GREGORY CARR,**

DEFENDANT.

CIVIL CAUSE NO.
4:25-CV-059-DMB-JMV

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiffs' interrogatories to the extent that they purport to impose obligations, requirements, or procedures beyond those set forth in the Federal Rules of Civil Procedure and the local rules or orders of this Court.

2. Defendant objects to Plaintiffs' interrogatories to the extent that the information sought is or may be unreasonably cumulative or duplicative or obtainable from other sources that are more convenient, less burdensome, or less expensive, as provided by the Federal Rules of Civil Procedure and the local rules or orders of this Court.

3. Defendant objects to Plaintiffs' interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, seek irrelevant information, or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to Plaintiffs' interrogatories to the extent that they purport to require the disclosure of information that is not presently within the possession, custody, or control of Defendant, or which is not reasonably available to Defendant.

5. Defendant objects to Plaintiffs' interrogatories to the extent that they seek information which is equally accessible to Plaintiffs and/or is in Plaintiffs' possession, custody, or control or is reasonably available to Plaintiffs.

6. Defendant objects to Plaintiffs' interrogatories to the extent that they seek information which is subject to a confidentiality obligation which is owed, or which may be owed, to a non-party to this case.

7. Defendant objects to Plaintiffs' interrogatories to the extent that they seek "all" or any information which is not reasonably related to the scope of Plaintiffs' claims.

8. Defendant objects to Plaintiffs' interrogatories to the extent that they do not identify with reasonable particularity the information sought by Plaintiffs.

9. In making these objections, Defendant does not in any way waive or intend to waive, but rather preserves and intends to preserve: (a.) all rights to object on any grounds to the competency, relevancy, materiality, and admissibility of any information that may be provided in response to the interrogatories or the subject matter thereof; (b.) all rights to objects on any ground to the use of any information that may be provided in response to Plaintiffs' interrogatories or the subject matter thereof, in any subsequent proceeding, including the trial of this or any other action; and (c.) all rights to object on any ground to any interrogatory as may be provided by the rules of civil procedure or evidence.

10. Defendant reserves the right to make any use of, or to introduce at any hearing and at trial, documents or information responsive to the Plaintiffs' interrogatories but discovered subsequent to the date of Defendant's original responses and initial production, including, but not limited to, any documents obtained during discovery.

11. Defendant's discovery and investigation of the facts relevant to this case are ongoing and Defendant' responses to Plaintiffs' interrogatories and requests for production of documents are made to the best of his present knowledge, information, and belief. Defendant reserve the right to amend and/or supplement his responses, which are subject to such additional or different information as discovery or further investigation may disclose.

12. As used herein, any statement that Defendant "will produce non-privileged, responsive information," or the substantive equivalent, means that Defendant will conduct a reasonable search of documents within his possession, custody, or control and, at a mutually agreeable time, produce responsive documents not subject to the attorney-client privilege or the work-product immunity or otherwise immune from discovery, subject to the objections stated herein.

13. Defendant's responses to Plaintiffs' interrogatories do not constitute representations that his responses consist of or refer to all responsive information, or every responsive, non-privileged document or piece of information, that is in Defendant's possession, custody, or control.

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

14. All of the General Objections set forth herein are incorporated into each of the individual responses set forth below and have the same force and effect as if fully set forth therein.

## RESPONSES AND ADDITIONAL OBJECTIONS TO PLAINTIFFS' INTERROGATORIES

**INTERROGATORY NO. 1:** Please list the name, current residential address, current business address, current business telephone number and current residential telephone number of each person known to you, other than the parties to this action, who has knowledge of the events and matters which are the subject of this suit. **RESPONSE:** The individuals presently known to Defendant, upon reasonable investigation and inquiry, who have knowledge of the events and matters which are the subject of this suit (excluding Plaintiffs), are: (a.) Greg Carr, 28052 County Road 559, Schlater, Mississippi, 38952-3010; 662-299-8780. (b.) Lloyd Vance (a/k/a "Dooley"), 99 North Wade Road, Drew, Mississippi, 38737; (662) 375-2474. (c.) Robert Hampton, Post Office Box 414, Drew, Mississippi, 38737 / 1412 Dean Blvd., Shaw, Mississippi, 38793; (662) 897-2004. (d.) Zach and Merritt Harris, C.O.C. Placement Services of Mississippi, LLC, 700 Poplar Street, Greenwood, Mississippi, 38930; (662) 385-4219. (e.) Ernest E. Seal CPA, Post Office Box 1208 / 698 South Street, Cleveland, Mississippi, 38732; 662-843-5361.

**INTERROGATORY NO. 2:** Please state the name, current residential address and current telephone number for all persons and/or entities who made and prepared the payroll records or other documents reflecting payment of any compensation related to Plaintiffs. **RESPONSE:** Ernest E. Seal CPA, Post Office Box 1208 / 698 South Street, Cleveland, Mississippi, 38732; (662) 843-5361.

**INTERROGATORY NO. 3:** Please state with specificity the factual basis for the Second Defense included in your Amended Answer, specifically, the facts upon which

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

you contend that Plaintiffs were not employed on a seasonal or other temporary basis and therefore were not within the coverage of the AWPA. **OBJECTION:** Defendant objects to this interrogatory because it is premature and it exceeds the scope of what is required under the pleadings standards recognized by the Court. Defendant is entitled to conduct discovery upon the existence of his affirmative defenses, and is authorized to plead affirmative defenses to provide "fair notice" of them to Plaintiffs and to preserve them "should discovery reveal factual support for [them]." *Elly v. Magnolia Hill, LLC*, 2019 U.S. Dist. LEXIS 206156, *3 (S.D. Miss. 2019, Jordan, J.); *see also Wilson v. Walmart Super Ctr.*, 2025 U.S. Dist. LEXIS 91782 (N.D. Miss. 2025, Greenville Div., Sanders, Magistrate J.) (affirmative defenses are sufficient when they provide "fair notice" to plaintiff; detailed factual explanations or assertions are not necessary), *Hall v. Town of Gunnison*, 2022 U.S. Dist. LEXIS 205561 (N.D. Miss. 2022, Greenville Div., Sanders, Magistrate J.) (defendant need not provide the legal basis for contentions raised in its affirmative defenses, and must merely plead affirmative defenses so that plaintiff is not a victim of "unfair surprise" during the litigation). Defendant also objects to this interrogatory to the extent that it calls for a legal conclusion. Defendant reserves the right to amend or supplement his answer to this interrogatory based upon the discovery conducted in this case.

**<u>INTERROGATORY NO. 4:</u>** Please state with specificity the factual basis for the Third Defense included in your Amended Answer, specifically, that the Defendant did not willfully or intentionally fail to pay Plaintiffs any compensation and that any such compensation is subject to a good faith dispute. **OBJECTION:** Defendant objects to this interrogatory because it is premature and it exceeds the scope of what is required under

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

the pleadings standards enforced by the Court. Defendant is entitled to conduct discovery upon the existence of his affirmative defenses, and is authorized to plead affirmative defenses to provide "fair notice" of them to Plaintiffs and to preserve them "should discovery reveal factual support for [them]." *Elly v. Magnolia Hill, LLC*, 2019 U.S. Dist. LEXIS 206156, *3 (S.D. Miss. 2019, Jordan, J.); *see also Wilson v. Walmart Super Ctr.*, 2025 U.S. Dist. LEXIS 91782 (N.D. Miss. 2025, Greenville Div., Sanders, Magistrate J.) (affirmative defenses are sufficient when they provide "fair notice" to plaintiff; detailed factual explanations or assertions are not necessary), *Hall v. Town of Gunnison*, 2022 U.S. Dist. LEXIS 205561 (N.D. Miss. 2022, Greenville Div., Sanders, Magistrate J.) (defendant need not provide the legal basis for contentions raised in its affirmative defenses, and must merely plead affirmative defenses so that plaintiff is not a victim of "unfair surprise" during the litigation). Defendant also objects to this interrogatory to the extent that it calls for a legal conclusion. Without waiving his objection, Defendant states that Congress created, and that courts recognize, the "absolute" good faith defense in wage claim disputes in which the employer shows that the employer's pay practices were or are consistent with the law at issue or court opinions interpreting same. Defendant's good faith may also be shown if he establishes that he did not believe that that the acts or omissions alleged were in violation of the law. Defendant reserves the right to amend or supplement his answer to this interrogatory based upon the discovery conducted in this case.

**INTERROGATORY NO. 5:** Please state with specificity the factual basis for the Twenty-third Defense included in your Amended Answer, specifically which of Plaintiffs' claims are barred by the doctrine of unclean hands. **OBJECTION:** Defendant

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

objects to this interrogatory because it is premature and it exceeds the scope of what is required under the pleadings standards enforced by the Court. Defendant is entitled to conduct discovery upon the existence of his affirmative defenses, and is authorized to plead affirmative defenses to provide "fair notice" of them to Plaintiffs and to preserve them "should discovery reveal factual support for [them]." *Elly v. Magnolia Hill, LLC*, 2019 U.S. Dist. LEXIS 206156, *3 (S.D. Miss. 2019, Jordan, J.); *see also Wilson v. Walmart Super Ctr.*, 2025 U.S. Dist. LEXIS 91782 (N.D. Miss. 2025, Greenville Div., Sanders, Magistrate J.) (affirmative defenses are sufficient when they provide "fair notice" to plaintiff; detailed factual explanations or assertions are not necessary), *Hall v. Town of Gunnison*, 2022 U.S. Dist. LEXIS 205561 (N.D. Miss. 2022, Greenville Div., Sanders, Magistrate J.) (defendant need not provide the legal basis for contentions raised in its affirmative defenses, and must merely plead affirmative defenses so that plaintiff is not a victim of "unfair surprise" during the litigation). Defendant also objects to this interrogatory to the extent that it calls for a legal conclusion. Without waiving his objections, Defendant states that the defense of unclean hands is invoked by Defendant to the extent that the proof in this case shows, or may tend to show, that Plaintiffs' claims are not supported by the evidence, and/or that Plaintiffs have initiated causes of action against Defendant which Plaintiffs knew, or should have known, are legally infirm; and/or which are intentionally misleading; and/or which constitute an abuse of one or more legal processes; and/or which constitute an effort to obtain relief from Defendant which originates from their own misconduct. Defendant reserves the right to amend or supplement his answer to this interrogatory based upon the discovery conducted in this case.

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

**INTERROGATORY NO. 6:** Please state with specificity the factual basis for your denial in Paragraph 12 of your Amended Answer that none of your farming entities employed one or more of Plaintiffs between 2018 and the present. **OBJECTION:** Defendant objects to this interrogatory because it is premature and it exceeds the scope of what is required under the pleadings standards enforced by the Court. Defendant is entitled to conduct discovery upon the existence of his affirmative defenses, and is authorized to plead affirmative defenses to provide "fair notice" of them to Plaintiffs and to preserve them "should discovery reveal factual support for [them]." *Elly v. Magnolia Hill, LLC*, 2019 U.S. Dist. LEXIS 206156, *3 (S.D. Miss. 2019, Jordan, J.); *see also Wilson v. Walmart Super Ctr.*, 2025 U.S. Dist. LEXIS 91782 (N.D. Miss. 2025, Greenville Div., Sanders, Magistrate J.) (affirmative defenses are sufficient when they provide "fair notice" to plaintiff; detailed factual explanations or assertions are not necessary), *Hall v. Town of Gunnison*, 2022 U.S. Dist. LEXIS 205561 (N.D. Miss. 2022, Greenville Div., Sanders, Magistrate J.) (defendant need not provide the legal basis for contentions raised in its affirmative defenses, and must merely plead affirmative defenses so that plaintiff is not a victim of "unfair surprise" during the litigation). Defendant also objects to this interrogatory to the extent that it calls for a legal conclusion. Defendant reserves the right to amend or supplement his answer to this interrogatory based upon the discovery conducted in this case.

**INTERROGATORY NO. 7:** Please state with specificity the factual basis for the Eighth Defense included in your Amended Answer, specifically, that Plaintiffs' claims are barred in whole or part by the doctrines of waiver and/or estoppel. **OBJECTION:** Defendant objects to this interrogatory because it is premature and it exceeds the scope

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

of what is required under the pleadings standards enforced by the Court. Defendant is entitled to conduct discovery upon the existence of his affirmative defenses, and is authorized to plead affirmative defenses to provide "fair notice" of them to Plaintiffs and to preserve them "should discovery reveal factual support for [them]." *Elly v. Magnolia Hill, LLC*, 2019 U.S. Dist. LEXIS 206156, *3 (S.D. Miss. 2019, Jordan, J.); *see also Wilson v. Walmart Super Ctr.*, 2025 U.S. Dist. LEXIS 91782 (N.D. Miss. 2025, Greenville Div., Sanders, Magistrate J.) (affirmative defenses are sufficient when they provide "fair notice" to plaintiff; detailed factual explanations or assertions are not necessary), *Hall v. Town of Gunnison*, 2022 U.S. Dist. LEXIS 205561 (N.D. Miss. 2022, Greenville Div., Sanders, Magistrate J.) (defendant need not provide the legal basis for contentions raised in its affirmative defenses, and must merely plead affirmative defenses so that plaintiff is not a victim of "unfair surprise" during the litigation). Defendant also objects to this interrogatory to the extent that it calls for a legal conclusion. Without waiving his objection, Defendant states that Defendant is entitled to raise this defense based upon conduct or misconduct on the part of Plaintiffs which may negate their claims or mitigate their claims for damages. More specifically, Defendant paid the income taxes of one or more of the Plaintiffs during the years covered by Plaintiffs' lawsuit, and Defendant provided one or more of the Plaintiffs with monetary and non-monetary wages, such as bonuses, vehicles, gift cards, and the payment of utility and cell phone bills. The value of these gratuities, additional wages, and emoluments constitute increases to the overall pay provided to Plaintiffs which Plaintiffs did not mention in their lawsuit, and Defendant is entitled to a monetary or equitable offset in relation to same, if and in the event any damages are awarded to

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

Plaintiffs. Defendant reserves the right to amend or supplement his answer to this interrogatory based upon the discovery conducted in this case.

**INTERROGATORY NO. 8:** Please state with specificity the factual basis for the Ninth Defense included in your Amended Answer, specifically, that the AWPA and Section 1981 claims of Plaintiff Harris are due to be dismissed under the election of remedies doctrine. **OBJECTION:** Defendant objects to this interrogatory because it is premature and it exceeds the scope of what is required under the pleadings standards enforced by the Court. Defendant is entitled to conduct discovery upon the existence of his affirmative defenses, and is authorized to plead affirmative defenses to provide "fair notice" of them to Plaintiffs and to preserve them "should discovery reveal factual support for [them]." *Elly v. Magnolia Hill, LLC*, 2019 U.S. Dist. LEXIS 206156, *3 (S.D. Miss. 2019, Jordan, J.); *see also Wilson v. Walmart Super Ctr.*, 2025 U.S. Dist. LEXIS 91782 (N.D. Miss. 2025, Greenville Div., Sanders, Magistrate J.) (affirmative defenses are sufficient when they provide "fair notice" to plaintiff; detailed factual explanations or assertions are not necessary), *Hall v. Town of Gunnison*, 2022 U.S. Dist. LEXIS 205561 (N.D. Miss. 2022, Greenville Div., Sanders, Magistrate J.) (defendant need not provide the legal basis for contentions raised in its affirmative defenses, and must merely plead affirmative defenses so that plaintiff is not a victim of "unfair surprise" during the litigation). Defendant also objects to this interrogatory to the extent that it calls for a legal conclusion. Defendant reserves the right to amend or supplement his answer to this interrogatory based upon the discovery conducted in this case.

**INTERROGATORY NO. 9:** Please identify the persons, firms, corporations or entities other than you who caused the damages claimed by Plaintiffs, as set forth in the

Fourteenth Affirmative Defense in your Amended Answer. **OBJECTION:** Defendant objects to this interrogatory because it is premature and it exceeds the scope of what is required under the pleadings standards enforced by the Court. Defendant is entitled to conduct discovery upon the existence of his affirmative defenses, and is authorized to plead affirmative defenses to provide "fair notice" of them to Plaintiffs and to preserve them "should discovery reveal factual support for [them]." *Elly v. Magnolia Hill, LLC*, 2019 U.S. Dist. LEXIS 206156, *3 (S.D. Miss. 2019, Jordan, J.); *see also Wilson v. Walmart Super Ctr.*, 2025 U.S. Dist. LEXIS 91782 (N.D. Miss. 2025, Greenville Div., Sanders, Magistrate J.) (affirmative defenses are sufficient when they provide "fair notice" to plaintiff; detailed factual explanations or assertions are not necessary), *Hall v. Town of Gunnison*, 2022 U.S. Dist. LEXIS 205561 (N.D. Miss. 2022, Greenville Div., Sanders, Magistrate J.) (defendant need not provide the legal basis for contentions raised in its affirmative defenses, and must merely plead affirmative defenses so that plaintiff is not a victim of "unfair surprise" during the litigation). Defendant also objects to this interrogatory to the extent that it calls for a legal conclusion. Defendant reserves the right to amend or supplement his answer to this interrogatory based upon the discovery conducted in this case.

**INTERROGATORY NO. 10:** Please identify the persons for whose conduct Defendant is not and was not responsible who caused Plaintiffs' alleged injuries or damages, as set forth in the Twentieth Affirmative Defense in your Amended Answer. **OBJECTION:** Defendant objects to this interrogatory because it is premature and it exceeds the scope of what is required under the pleadings standards enforced by the Court. Defendant is entitled to conduct discovery upon the existence of his affirmative

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

defenses, and is authorized to plead affirmative defenses to provide "fair notice" of them to Plaintiffs and to preserve them "should discovery reveal factual support for [them]." *Elly v. Magnolia Hill, LLC*, 2019 U.S. Dist. LEXIS 206156, *3 (S.D. Miss. 2019, Jordan, J.); *see also Wilson v. Walmart Super Ctr.*, 2025 U.S. Dist. LEXIS 91782 (N.D. Miss. 2025, Greenville Div., Sanders, Magistrate J.) (affirmative defenses are sufficient when they provide "fair notice" to plaintiff; detailed factual explanations or assertions are not necessary), *Hall v. Town of Gunnison*, 2022 U.S. Dist. LEXIS 205561 (N.D. Miss. 2022, Greenville Div., Sanders, Magistrate J.) (defendant need not provide the legal basis for contentions raised in its affirmative defenses, and must merely plead affirmative defenses so that plaintiff is not a victim of "unfair surprise" during the litigation). Defendant also objects to this interrogatory to the extent that it calls for a legal conclusion. Defendant reserves the right to amend or supplement his answer to this interrogatory based upon the discovery conducted in this case.

**INTERROGATORY NO. 11:** Please list the name, current residential address, current business address, current residential telephone number and current business telephone number of each person who provided information or data to you upon which you relied in providing the answers to these interrogatories. **RESPONSE:** (a.) Greg Carr, 28052 County Road 559, Schlater, Mississippi, 38952-3010; 662-299-8780. (b.) Lloyd Vance (a/k/a "Dooley"), 99 North Wade Road, Drew, Mississippi, 38737; (662) 375-2474. (c.) Robert Hampton, Post Office Box 414, Drew, Mississippi, 38737 / 1412 Dean Blvd., Shaw, Mississippi, 38793; (662) 897-2004. (d.) Ernest E. Seal CPA, Post Office Box 1208 / 698 South Street, Cleveland, Mississippi, 38732; 662-843-5361.

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

**INTERROGATORY NO. 12:** With respect to each individual identified in response to Interrogatory 11, please state the number of the interrogatory or interrogatories with respect to which each individual provided you with information or data upon which you relied in providing answers to these interrogatories. **RESPONSE:** (a.) Greg Carr: interrogatory numbers 1, 2, and 7. (b.) Lloyd Vance: interrogatory numbers 1 and 7. (c.) Robert Hampton: interrogatory numbers 1 and 7. (d.) Ernest E. Seal CPA: interrogatory numbers 1 and 2.

**ALL OBJECTIONS ARE THOSE OF COUNSEL:**

______________________________________________

RESPECTFULLY SERVED ON THIS DATE: November 10, 2025.

/s/ Steve Brandon
Stephen A. Brandon (MB #8655)
**COUNSEL FOR GREGORY CARR**

Gregory Carr, being first duly sworn, on oath deposes and says that he is authorized, in his individual capacity and in his capacity as the owner and manager of his farming entities, to verify Defendant's responses to Plaintiffs' interrogatories; that he read the foregoing responses and has subscribed and knows the contents thereof; that said responses and objections were prepared with the assistance and advice of counsel; that the responses set forth hereinabove are subject to inadvertent and undiscovered errors; that he reserves the right to make any changes in the responses if it appears at any time that any omissions or errors were made therein; and that subject to the limitations set forth herein, the said responses are true and correct, under penalty of perjury.

______________________________

**GREGORY CARR**

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599

**OF COUNSEL:**

Stephen A. Brandon
Attorney at Law
1300 U.S. Highway 51 North
Madison, Mississippi 39110
(601) 954-8599
Facsimile: (601) 853-2878

## CERTIFICATE OF SERVICE

I, STEPHEN A. BRANDON, hereby certify that I have this day served upon all counsel of record a copy of the foregoing document, via email only, to wit:

Robert B. McDuff, Esq.
767 North Congress Street
Jackson, Mississippi 39202
*rbm@mcdufflaw.com*

Marion Lourdes Delaney, Esq.
Texas RioGrande Legal Aid, Inc.
311 Plus Park Blv Ste #135
Nashville, Tennessee 37203
*mdelaney@trla.org*

Teresa Pulaski, Esq.
Southern Migrant Legal Services
604 Russell St. Ste Apt 104
Nashville, Tennessee 37206
*teresa.c.pulaski@gmail.com*

DONE ON THIS DATE: November 10, 2025.

/s/ Steve Brandon
Stephen A. Brandon

STEPHEN A. BRANDON
ATTORNEY AT LAW
1300 U.S. HIGHWAY 51 NORTH
MADISON, MISSISSIPPI 39110
(601) 954-8599